IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALEXANDER CONSTANTINE, on behalf of himself and those similarly situated,

   Plaintiff,

vs.

AAA COOPER TRANSPORTATION, AN ALABAMA CORPORATION.

   Defendant.
_____/

CASE NO.:

Collective Action Complaint

Jury Demanded

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALEXANDER CONSTANTINE, on behalf of himself and those similarly situated, sues the Defendant, AAA COOPER TRANSPORTATION, ("Defendant") an Alabama Corporation, and alleges:

1. Plaintiff and other Hostlers were paid by the hour, including straight hourly pay, for overtime hours worked. At all times material to this cause of action, these employees were non-exempt employees' and therefore entitled to overtime wages for any and all overtime hours worked. Plaintiff brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") in order for all Hostlers to be paid full and complete overtime compensation.

1

## GENERAL ALLEGATION

2. Plaintiff has worked for Defendant since approximately May 2022 as a Hostler in Dallas County, Texas.

3. At all times, Plaintiff was paid by the hour by Defendant.

4. Defendant, AAA COOPER TRANSPORTATION, is a "freight trucking/transportation" company with numerous sites throughout Texas and the United States. *See* www.aaacooper.com.

5. Defendant is an Alabama Corporation that operates and conducts business in Grand Prairie, Texas, which is in Dallas County, Texas and within the jurisdiction of this Court.

6. This action is brought under the FLSA to recover from Defendant unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This collective action is intended to include each hourly paid Hostler who worked for Defendant within the last three years and who were paid straight time for overtime hours worked at any time within the last three years.

7. This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §1331 and the FLSA.

8. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial party of the events or omissions giving rise to the claim occurred in this District.

9. During Plaintiffs' employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

10. During Plaintiffs' employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce, including warehouse materials, vehicles, trucking equipment, telephones, and other items.

## FLSA VIOLATIONS

11. At all times relevant to this action, Defendant has failed to comply with the FLSA by failing to pay each Hostler in Texas complete overtime compensation for all overtime hours worked.

12. Plaintiff and other Hostlers worked over forty (40) hours per week on a regular basis – frequently working as many, or more than 50-55 hours per week.

13. During Plaintiff's and other Hostlers employment with Defendant, Plaintiff and the other Hostlers were paid their regular hourly rate for all overtime hours worked, not time and one-half of such rate.

14. Defendant classified Plaintiff and other Hostlers as exempt from overtime pursuant to the motor carrier exemption contained in the FLSA.

15. However, during their employment with Defendant, Plaintiff and other Hostlers did not regularly move motor carrier eligible vehicles or trucks on public roads, and as such, would not be exempt under the motor carrier exemption.

16. Since Plaintiff and other Hostlers are actually non-exempt employees,

Defendant has violated the FLSA due to its above-described pay practices in failing to pay Plaintiff and other Hostlers time and one-half of their hourly rate for overtime hours worked.

17.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and other Hostlers are in the possession and custody of Defendant.

## COUNT I – RECOVERY OF OVERTIME WAGES

18.     Plaintiff reincorporates and readopt all allegations contained in paragraphs one (1) through eighteen (18) above.

19.     Plaintiff and other Hostlers were entitled to be paid complete overtime compensation for overtime hours worked at all times.

20.     During their employment with Defendant, Plaintiff and other Hostlers worked overtime hours but were only paid their regular hourly rate instead of time and one-half of their hourly rate for those overtime hours worked.

21.     Defendant has failed to provide accurate "time and one-half" premium overtime compensation to Plaintiff and other Hostlers.

22.     As explained above, Plaintiff and other Hostlers are truly non-exempt employees, and Defendant did not have a good faith basis for their decision to classify these employees as exempt from overtime compensation.

23.     Because of Defendant's intentional, willful, and unlawful

acts in refusing to pay Plaintiff and other Hostlers proper compensation, Plaintiff and those similarly situated Hostlers have suffered damages plus incurring reasonable attorneys' fees and costs.

24. Because of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

25. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ALEXANDER CONSTANTINE, on behalf of himself and those similarly situated Hostlers, demand judgment against Defendant for unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 21st day of November 2024.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Florida Bar No. 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave, 15th Floor
Orlando, FL 32801
T: (407) 420-1414
F: (407) 245-3401
E: RMorgan@forthepeople.com

-and-

Andrew R. Frisch, Esq.
Florida Bar No. 27777
Morgan & Morgan, P.A.
8151 Peters Road
Plantation, FL 33324
P: (954) WORKERS

F: (954) 327-3013
E: AFrisch@forthepeople.com