UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALEXANDER CONSTANTINE, ON           §
BEHALF OF HIMSELF AND THOSE         §
SIMILARLY SITUATED                  §
    Plaintiff                        §
                                    §
                                    §   Civil Action No.: 3:24-cv-02925-K
v.                                  §
                                    §
                                    §
AAA COOPER TRANSPORTATION, AN       §
ALABAMA CORPORATION                 §
    Defendant                        §
_____/

## JOINT STATUS REPORT

Plaintiff, ALEXANDER CONSTANTINE and Defendant, AAA COOPER TRANSPORTATION, by and through their respective counsel, submit this Joint Status Report pursuant to the Court's Order dated January 19, 2026 (D.E. 55).

The parties report that they have reached an agreement regarding the amount of attorneys' fees and costs related to Plaintiff's Motion for Protective Order, and are providing the Court an agreed proposed order.

## DEFENDANT'S REQUEST TO RECONSIDER FEE ORDER

Defendant AAA Cooper Transportation requests that before the Court enter the parties' proposed order, the Court reconsider the portion of the January 19, 2026 order directing payment of Plaintiff's attorney's fees on the ground that Defendant had no notice of the legal basis for the fees ordered, and the basis cited in the January 19, 2026 order does not apply to a dispute resulting in the order. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.") (quotations omitted).

"In federal court, the American Rule prohibits awards of counsel fees to a prevailing party absent statutory authority, contractual authorization, or 'special circumstances.' *In re ASARCO, L.L.C.*, 751 F.3d 291, 301 (5th Cir. 2014). The January 19, 2026 order cites Federal Rule of Civil Procedure 26(c)(3) as the authority for awarding fees. Rule 26(c) governs protective orders sought by "[a] party or any person *from whom discovery is sought*" to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following" limitations on discovery. Rule 26(c)(3) states that "Rule 37(a)(5) applies to the award of expenses." Rule 37 governs motions to compel disclosures or discovery, and subsection (a)(5) provides:

"If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust."

Plaintiff's motion for a protective order was **unrelated to disclosures or discovery** and **never cited Rule 26 or Rule 37** as the authority for either fees or the substantive relief sought. Dkt. 47. Nor did any of the cases cited by Plaintiff in support of his demand for fees cite either rule. *Williams v. Sake Hibachi Sushi & Bar, Inc.* 2018 WL 4539114 (N.D. Tex. 2018); *Belt v.*

*Emcare, Inc.* 299 F. Supp. 2d 664 (E.D. Tex. 2003). Defendant therefore did not have "an opportunity to be heard" as required by Rule 37(a)(5) before sanctions can be imposed.

Furthermore, Rules 26 and 37 are not applicable to Plaintiff's motion, because the motion had nothing to do with discovery or disclosures. The only relief Plaintiff sought that could conceivably relate to discovery or disclosures was his demand that "Defendant to immediately provide to Plaintiffs' counsel a copy of all Agreements and other written communications with Ms. Maranan and putative class members regarding the issues in this lawsuit," but that demand was not based on any written discovery request served by Plaintiff, and Plaintiff never argued that the documents requested fell within the scope of the Rule 26(a) obligation to make disclosures without awaiting a discovery request.[1] Dkt. 47 at pp. 16-17. And Plaintiff's demand for a "protective order" was not based on Rule 26(c) and was untethered to discovery or disclosures.

Even if Rule 26 and Rule 37 were applicable to this dispute, an order of fees would still be inappropriate because of the exceptions set forth in Rule 37(a)(5)(i)-(iii). Plaintiff did not submit any evidence of "attempting in good faith to obtain the disclosure or discovery without court action," nor could he have since the motion at issue did not relate to disclosure or discovery. Additionally, Defendant's position in this dispute was "substantially justified" and an award of sanctions would be unjust. Though the Court was not ultimately persuaded, Defendant's positions in its briefing and at the hearing on this matter were reasonable and in good faith, thereby precluding sanctions under Rule 37(a)(5). *See Heller v. City of Dallas*, 303 F.R.D. 466, 477 (N.D. Tex. 2014) ("The United States Supreme Court has defined 'substantially justified' to mean 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.' … 'Substantial justification' entails a 'reasonable basis in both law and fact,' such that

---

[1] Even if Rule 26(a) were applicable, it would be satisfied by Defendant describing the documents without producing them. See Rule 26(a)(A)(ii).

'there is a genuine dispute ... or if reasonable people could differ [as to the appropriateness of the contested action].'") (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) *and Ibarra v. Baker*, 338 Fed. Appx. 457, 470 (5th Cir. 2009).)

As a minimum, Defendant should have an opportunity to fully brief the issue of attorneys' fees, as the legal basis for the requested fees was not apparent until the Court's January 19, 2026 Order.

### <u>PLAINTIFF'S OBJECTION AND RESPONSE TO DEFENDANT'S REQUEST TO RECONSIDER FEE ORDER</u>

Plaintiff objects to Defendant's "Request to Reconsider Fee Order" as procedurally improper. Notwithstanding this fact, Defendant's eleventh hour "request" should be easily denied. Defendant claims it had no notice of the legal basis for awarding fees. Not true. Plaintiff's Motion for Protective Order cites to law repeatedly about the imposition of attorneys' fees in similar circumstances. *See* D.E. 47. Pp. 6-8, and 13-14. Plaintiff repeatedly cited to *Williams v. Sake Hibachi Sushi & Bar, Inc.,* 2018 U.S. Dist. LEXIS 162293 (N.D. Tex. Sept. 21, 2018) (Fitzwater, J.) in multiple places throughout the Motion in support of fees (among other cases).

In its response, Defendant had ample opportunity to address attorneys' fees being sought but chose to respond with minimal argument. *See* Response [D.E. 50] at p. 13. Defendant did not object that it was unaware of the basis for such fees, it only argued that awarding such fees for the conduct at issue was not warranted, "inappropriate," and "chill" their purported First Amendment rights. *Id*. Defendant had more than enough opportunity to address this argument, and chose not to, and as such, has waived this alleged "no notice" argument and given no reason why it couldn't substantively respond in its Response. This Court should summarily reject Defendant's "request" to reconsider the fee order.

Respectfully Submitted this third day of February 2026.

| | |
|---|---|
| */s/ C. Ryan Morgan*<br>C. Ryan Morgan, Esq.<br>Florida State Bar No. 15527<br>20 N. Organe Ave, 15th Floor<br>Orlando, Florida 32801<br>Telephone:  407.420.1414<br>Fax:  407.245.3401<br>RMorgan@forthepeople.com<br>Andrew R. Frisch<br>Florida State Bar No. 27777<br>8151 Peters Road<br>Plantation, Florida 33324<br>Telephone:  954.967.5377<br>Fax:  954.327.3013<br>AFrisch@forthepeople.com<br><br>*/s/ Matthew R McCarley*<br>Matthew R.McCarley<br>Texas Bar No. 24041426<br>FORESTER HAYNIE, PLLC<br>400 N. St. Paul Street, Suite 700<br>Dallas, Texas 75201<br>Telephone: 214.210.2100<br>Fax: 469.399.1070<br>mccarley@foresterhaynie.com<br><br>Attorneys for Plaintiff ALEXANDER<br>CONSTANTINE | */s/ John D. Ellis*<br>John D. Ellis, Esq. (*Admitted Pro Hac Vice*)<br>California State Bar No. 269221<br>Paul S. Cowie, Esq. (*Admitted Pro Hac Vice*)<br>California State Bar No. 250131<br>Nina Montazeri<br>California State Bar No. 329440<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4109<br>Telephone:  415.434.9100<br>Fax:  415.434.3947<br>pcowie@sheppardmullin.com<br>jellis@sheppardmullin.com<br>nmontazeri@sheppardmullin.com<br><br>*/s/ Amanda Cottrell*<br>Amanda Cottrell<br>Texas State Bar No. 24064972<br>2200 Ross Avenue<br>20th Floor<br>Dallas, TX 75201<br>Telephone:  469.391.7400<br>Fax:  469.391.7401<br>acottrell@sheppardmullin.com<br><br>Attorneys for Defendant AAA COOPER<br>TRANSPORTATION |