IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEXANDER CONSTANTINE, individually and on behalf of all others similarly situated, § § § § Plaintiff, § § V. § AAA COOPER TRANSPORTATION, § § Defendant. § | No. 3:24-cv-2925-K |

## MEMORANDUM OPINION AND ORDER

In this putative collective action under the Fair Labor Standards Act, United States District Judge Ed Kinkeade referred Plaintiffs' Expedited Motion for Protective Order and Other Relief [Dkt. No. 47] (the "MPO") to the undersigned United States magistrate judge for determination or recommendation under 28 U.S.C. § 636(b), *see* Dkt. No. 48.

After obtaining briefing and allowing oral arguments, *see* Dkt. Nos. 49-56, the Court entered a memorandum opinion and order on January 19, 2026 that granted in part and denied in part the MPO and, in applicable part, (1) found that a letter Defendant AAA Cooper Transportation ("ACT") sent to members of the putative collective "counts as speech that is misleading, coercive, or an attempt to undermine the collective action"; (2) "order[ed] under Federal Rule of Civil Procedure 26(c)(3) that ACT and its counsel of record in this case (or their law firm) are required to pay, jointly and severally, the reasonable attorneys' fees and costs incurred for Plaintiffs' counsel to draft and file their Expedited Motion for Protective Order and Other Relief

[Dkt. No. 47] and reply and appendices [Dkt. No. 51] in support"; and (3) required that the parties file a joint status report as to attorneys' fees and costs by February 3, 2026. *Constantine v. AAA Cooper Transp.*, No. 3:24-cv-2925-K, 2026 WL 143149 (N.D. Tex. Jan. 19, 2026) [Dkt. No. 55] (the "MO&O").

Considering the parties' February 3, 2026 joint status report [Dkt. No. 57], the Court GRANTS IN PART ACT's request for reconsideration under Federal Rule of Civil Procedure 54(b), AMENDS the MO&O as set out below, and ORDERS the payments of attorneys' fees consistent with the parties' agreement.

An order, such as the MO&O, "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b).

And, "[u]nder Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing FED. R. CIV. P. 54(b)), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1995) (en banc)).

Considering this authority, the Court reconsiders the MO&O only to the extent that it relied on Federal Rule of Civil Procedure 26 as a basis for Plaintiffs' protective

order and their request for attorneys' fees and costs. The Court need not rely on that rule (or any rule) to order the relief set out in the MO&O, particularly the imposition of attorneys' fees. *See Williams v. Sake Hibachi Sushi & Bar, Inc.*, No. 3:18-cv-517-D, 2018 WL 4539114, at *6 (N.D. Tex. Sept. 21, 2018) ("Case law supports the imposition of attorney's fees for misleading and improper communications with potential class members." (collecting cases)) (cited in the MPO [Dkt. No. 47 at 14]).

And, so, under the MO&O as modified above, the Court, acknowledging the parties' agreement – and in appreciation for their efforts to reach an agreement without judicial intervention – ORDERS ACT to make the agreed-upon payment of $10,000 by **February 26, 2026**.

SO ORDERED.

DATED: February 5, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE